IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL WILLIAMS,<br>Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Case No. 2:21-cv-05630-JDW |
| MOUNTAIN RUN SOLUTIONS, et. al.,<br>Defendant. | : <br> : | |

## MEMORANDUM

Samuel Williams served Mountain Run Solutions with his Complaint in this case, but Mountain Run never responded. Maybe it could have challenged some of the allegations against it if it had participated in the case. But to "get a say in what they trade away, . . . [you've] gotta be in the room where it happens." HAMILTON (Disney+ Original 2020). Without any challenge from Mountain Run, the Court accepts Mr. Williams' allegations as true and grants his motion for default judgment against Mountain Run. The Court will award $500 in statutory damages for Mountain Run's violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, bringing Mr. Williams' recovery to $1,000 total in damages. The Court denies Mr. Williams' request for punitive damages.

I.     BACKGROUND

Mountain Run is a debt collector. It contacted Mr. Williams by phone to try to collect a debt from him and then placed the debt on Mr. Williams's credit report. Mr.

Williams disputed the debt and says that his father owes the money, not him. Although a credit reporting agency passed Mr. Williams's dispute to Mountain Run, Mountain Run did not conduct a reasonable investigation before it verified the debt. Mr. Williams's credit score suffered as a result.

Mr. Williams filed suit on December, 28, 2021, asserting claims against Mountain Run but there was some question about whether he served the complaint on Mountain Run. But Mountain Run was properly served. On March 29, 2022, Mountain Run failed to appear and, on the same day, the Clerk of Court entered an order of default pursuant to Federal Rule of Civil Procedure 55(b)(1) of the Federal Rules of Civil Procedure. On July 5, 2022, Mr. Williams filed a motion asking the Court to enter a default judgment against Mountain Run, asking for statutory damages under both FCRA and FDCPA and punitive damages under FCRA.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant that fails to appear. To obtain a default judgment, a litigant must first obtain an entry of default from the Clerk of Court. Then, the district court has discretion as to whether to grant a motion for a default judgment. See *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d

Cir. 2005). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Butler v. Experian Info. Sols.*, No. CV 14-07346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688.1 (4th ed.)). The court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Id.*

### III.  DISCUSSION

#### A.  FDCPA

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The FDCPA provides for statutory damages of up to $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). To prevail on an FDCPA claim, a plaintiff must prove that (1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Mr. Williams is a "consumer" because he is a "natural person obligated or allegedly obligated to pay [a] debt." 15 U.S.C. § 1692(a)(3). Mountain Run is a "debt collector" because it used a phone to contact Mr. Williams as part of a business that principally collects debts. *See* 15 U.S.C. § 1692a(6). The money that Mountain Run tried to collect is

a "debt" because it is an obligation of a consumer "to pay money arising out of a transaction in which the money … [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5).

Finally, courts in this Circuit apply the "least sophisticated debtor" standard when deciding if debt collection violates Section 1692e. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015). In doing so, the Third Circuit has "focus[ed] on whether a debt collector's statement in a communication to a debtor would deceive or mislead the least sophisticated debtor." *Id.* (citation omitted). Mr. Williams has alleged the following violations of Section 1692e:

- Mountain Run violated Section 1692e(2)(A) when it attributed the debt to Mr. Williams instead of his father. This falsely represented that Mr. Williams owed the debt because Section 1692e(2)(A) prohibits an attempt to collect a debt that belongs to a "different consumer with a different social security number, date of birth and address." *Butler v. Experian Info. Sols.*, No. CV 14-07346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016);

- Mountain Run violated Section 1692e(8) by reporting the debt to a credit reporting agency because that was information that Mountain Run knew or should have known was false and reporting a debt to a credit reporting agency is a form of debt collection. *See Sullivan v. Equifax, Inc.*, No. 01-4336, 2002 WL 799856, *15 (E.D. Pa. Apr. 19, 2002);

- Mountain Run violated Section 1692e(10) by attempting to collect the debt and reporting the debt to a credit reporting agency, which constitutes a false representation or deceptive means to capture the debt; and

- Mountain Run used unfair or unconscionable means to collect the debt by attributing it to Mr. Williams instead of his father, in violation of 15 U.S.C. § 1692f(1).

Mr. Williams seeks statutory damages but does not request a hearing. Therefore, he leaves the determination of damages to the Court's discretion. The FDCPA provides the Court with discretion in granting statutory damages up to $1,000 per lawsuit, not per violation. *See Ford v. Consigned Debts & Collections, Inc.*, No. 09-3102, 2010 WL 5392643, at *14 (D.N.J. Dec. 21, 2010). Therefore, regardless of whether Plaintiff establishes a single violation or several violations of the FDCPA, the amount of statutory damages remains the same. In granting statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Although more egregious or repetitive violations weigh in favor of the full $1,000 award, if the "violation is shown to be technical in nature and infrequent, courts have exercised their discretion to deny or reduce statutory damages." *Manopla v. Bryant, Hodge & Assocs., LLC*, No. 13-0338, 2014 WL 793555, *6 (D.N.J. Feb. 11, 2014). Mr. Williams alleges that Mountain Run called him once attempting to collect a debt, reported the debt to a consumer reporting agency, and failed to correct its mistake even after he

lodged a dispute. He does not claim that Mountain Run made frequent calls or engaged in other conduct that might constitute harassment, persistence, threats, or abuse. Mountain Run's behavior does not establish the intentionality, persistence, and egregiousness to warrant a full $1,000 award. The Court therefore awards $500 in statutory damages.

### B. FCRA

When a consumer disputes an entry on his credit report and the furnisher of the information willfully, recklessly, or negligently fails to comply with its duties, the consumer can hold the furnisher liable. *See* 15 U.S.C. §§ 1681n, 1681o. Mr. Williams alleges that Mountain Run violated Section 1681s-2(b), which requires a credit furnisher to conduct a reasonable investigation after receiving the consumer's dispute. A reasonable investigation consists of "reasonable procedures," which is defined as "that [which] a reasonably prudent person would undertake under the circumstances." *Cortez*, 617 F.3d at 709 (quote omitted).

Per the Complaint, Mountain Run is a furnisher and it failed to conduct a reasonable investigation in response to Mr. Williams's dispute. Instead, it verified the debt. Accepting these allegations as true, Mr. Williams has established at least a claim of negligent failure to conduct a reasonable investigation. The allegations also establish a claim for willful failure to investigate. Although Mr. Williams's allegations are somewhat conclusory, that is because Mountain Run did not appear or provide discovery about its

investigation. It should not benefit from its failure to participate in the case by escaping liability under these circumstances. Mr. Williams has pled as much as he could, and the Court will take him at his word.

The FCRA permits plaintiffs to recover statutory damages only for willful violations. *See, e.g.*, *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 n.8 (3d Cir. 2017). Reckless violations constitute willfulness under the statute. *See Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 2209 (2007). "In awarding additional damages, the court must consider the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 578 (2010).

Mountain Run was at least reckless in failing to conduct a reasonable investigation into Mr. Williams's claim that the debt belonged to his father. While Mr. Williams's allegations establish a failure to investigate, their conclusory nature means the Court cannot conclude that the conduct was egregious or abusive. The Court therefore awards $500 in statutory damages to achieve the statutory objective of deterrence while recognizing the existence of more egregious violations of FCRA.

**C.     Punitive Damages**

Mr. Williams seeks $9,500 in punitive damages. Three factors govern the question of punitive damages: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the

punitive damages award; and (3) the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Five factors inform the question of reprehensibility of a defendant's misconduct: (1) whether the harm was physical or economic; (2) whether the conduct showed an indifference or reckless disregard for the health or safety of the plaintiff; (3) whether the target of defendant's conduct was financially vulnerable; (4) whether the conduct was an isolated incident or involved repeated actions; and (5) whether the harm was caused by intentional malice, trickery, or deceit, or was merely the result of negligence. *Id.*

Despite Mr. Williams' assertions to the contrary, the first two of these factors apply to FCRA violations, and both weigh against his claim. Mr. Williams' alleged harm is only economic, so Mountain Run's conduct "does not display an indifference or reckless disregard for the health and safety of others." *Dixon-Rollins v. Experian Info. Sols., Inc.*, 753 F. Supp.2d 452, 464 (E.D. Pa. 2010). In addition, Mr. Williams does not claim to be financially vulnerable. Mountain Run's conduct appears isolated, focusing on a few distinct events in connection with a single debt. Mr. Williams has not established that Mountain Run's conduct constituted malice, trickery, or deceit. Because Mountain Run's conduct was not reprehensible, and Mr. Williams does not allege any actual harm, the Court denies Mr. Williams' request for punitive damages.

## IV. CONCLUSION

The Court will grant Mr. Williams's motion for default judgment and award $1,000 in statutory damages. The Court denies Mr. Williams' prayer for punitive damages. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

July 22, 2022